174 So. 320

BLITZ v. STATE.

6 Div. 77.

Court of Appeals of Alabama.

May 11, 1937.

**468**

them, and were easily identified by the two owners. On Monday after the theft this property was found in the possession of this defendant; a part of 'it being in his place of business, and a part of it at his home, and all of it was properly identified by the two owners at the trial. No effort was made on the part of the defendant to return the property to the owners. The time of day the defendant claims to have come into the possession of the property, the type of man who brought it to him, and the marks of identification on the various pieces, constituted evidence from which the jury might conclude that he knew it was stolen, and there was evidence tending to prove that he had no intention of restoring it to the rightful owner.

We have read this record, and while, as has been stated, there are some few technical errors in the admission of certain testimony relative to the breaking in of the house and the actual taking of the property, these rulings constitute no such errors as would justify a reversal of this case. And applying Supreme Court Rule No. 45, the judgment is affirmed.

A. A. Carmichael, Atty. Gen., for the State.

Affirmed.

SAMFORD, Judge.

Prosecution in this case was brought under section 4912 of the Code of 1923, which provides: That any person who buys, receives, conceals, or aids in concealing, any personal property whatever knowing that it has been stolen, or, have reasonable grounds for believing it has been stolen, and not having the intention of restoring it to the owner must, on conviction, be punished as if he had stolen the property.

The evidence in this case tended to prove, without dispute, that certain personal property, described in the indictment, was stolen from the residence of Mrs. B. F. Moore in Jefferson county. In the preliminary questions and answers leading up to the proof of the larceny of the personal property described, there were several technical errors, but the fact of the larceny was not contested, and there was sufficient legal testimony elicited from the witnesses to prove this ingredient of the offense, that is, that the property was stolen.

The property consisted of silverware, pewter ware, and a wrist watch, all of which had marks of identification upon